Model Plan                                                                                                                     Trustee: ☐ Marshall   ☐ Meyer
11/22/2013                                                                                                                      ☐ Stearns   ■ Vaughn

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| In re: | ) | Case No. **17-11970** |
|---|---|---|
| | ) | |
| **Andre B Green** | ) | |
| **Felicia Green** | ) | |
| | ) | |
| Debtors. | ) | Modified Chapter 13 Plan, dated 6/12/17 |

■     **A check in this box indicates that the plan contains special provisions, set out in Section G. Otherwise, the plan includes no provisions deviating from the model plan adopted by the court at the time of the filing of this case.**

| | |
|---|---|
| **Section A.** *Budget items* | 1. As stated in the debtor's Schedule I and J, (a) the number of persons in the debtor's household is **3**; (b) their ages are **, 17**; (c) total household monthly income is $ **6,757.00**; and (d) total monthly household expenses are $ **5,792.00**, leaving $ **965.00** available monthly for plan payments.

2. The debtor's Schedule J includes $ **N/A** for charitable contributions; the debtor represents that the debtor made substantially similar contributions for **N/A** months prior to filing this case. |
| **Section B.** *General items* | 1. The debtor assumes all unexpired leases and executory contracts listed in Section G of this plan; all other unexpired leases and executory contracts are rejected. Both assumption and rejection are effective as of the date of plan confirmation.

2. Claims secured by a mortgage on real property of the debtor, set out in Section C or in Paragraph 2 of Section E of this plan, shall be treated as follows:

(a) *Prepetition defaults.* If the debtor pays the cure amount specified in Paragraph 5 of Section E, while timely making all required postpetition payments, the mortgage will be reinstated according to its original terms, extinguishing any right of the mortgagee to recover any amount alleged to have arisen prior to the filing of the petition.

(b) *Costs of collection.* Costs of collection, including attorneys' fees, incurred by the holder after the filing of this bankruptcy case and before the final payment of the cure amount specified in Paragraph 5 of Section E may be added to that cure amount pursuant to order of the court on motion of the holder.

3. The holder of any claim secured by a lien on property of the estate, other than a mortgage treated in Section C or in Paragraph 2 of Section E, shall retain the lien until the earlier of (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the creditor.

4. The debtor shall retain records, including all receipts, of all charitable donations listed in Schedule J. |

| | |
|---|---|
| **Section C.** *Direct payment of claims by debtor* | ☐ The debtor will make no direct payments to creditors holding prepetition claims. */or/* <br> ■ The debtor will make current monthly payments, as listed in the debtor's Schedule J--increased or decreased as necessary to reflect changes in variable interest rates, escrow requirements, collection costs, or similar matters--directly to the following creditors holding claims secured by a mortgage on the debtor's real property: <br> Creditor: __DLJ Mortgage Capital__ , monthly payment, $ __769.00__ |
| **Section D.** *Payments by debtor to the trustee; plan term and completion* | 1. *Initial plan term.* The debtor will pay to the trustee $ __965.00__ monthly for __60__ months [and $ ____ monthly for an additional ____ months], for total payments, during the initial plan term, of $ __57,900.00__ . [Enter this amount on Line 1 of Section H.] <br><br> 2. *Adjustments to initial term.* If the amount paid by the debtor to the trustee during the initial plan term does not permit payment of general unsecured claims as specified in Paragraphs 8 and 9 of Section E, then the debtor shall make additional monthly payments, during the maximum plan term allowed by law, sufficient to permit the specified payments. <br><br> 3. *Plan completion.* ☐ The plan will conclude before the end of the initial term, as adjusted by Paragraph 2, only at such time as all allowed claims are paid in full, with any interest required by the plan */or/* <br> ■ The plan will conclude before the end of the initial term at any time that the debtor pays to the trustee the full amounts specified in Paragraphs 1 and 2. |
| **Section E.** *Disbursements by the trustee* | The trustee shall disburse payments received from the debtor under this plan as follows: <br><br> 1. *Trustee's fees.* Payable monthly, as authorized; estimated at __4.60__% of plan payments; and during the initial plan term, totaling $ __2,663.40__ . [Enter this amount on Line 2a of Section H.] <br><br> 2. *Current mortgage payments.* Payable according to the terms of the mortgage, as set forth below, beginning with the first payment due after the filing of the case. Each of these payments shall be increased or decreased by the trustee as necessary to reflect changes in variable interest rates, escrow requirements, or similar matters; the trustee shall make the change in payments as soon as practicable after receipt of a notice of the change issued by the mortgage holder, but no later than 14 days after such receipt. The trustee shall notify the debtor of any such change at least 7 days before putting the change into effect. Any current mortgage payment made by the debtor directly to the mortgagee shall be deducted from the amounts due to be paid to the trustee under this plan. <br><br> **-NONE-** <br><br> The total of all current mortgage payments to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2b of Section H.] <br><br> 3.1. *Other secured claims secured by value in collateral.* All secured claims, other than mortgage claims treated above and claims treated in Paragraph 3.2, are to be paid in full during the plan term, with interest at an annual percentage rates and in the fixed monthly amounts specified below regardless of contrary proofs of claim (subject to reduction with the consent of the creditor): **(Except as stated in Section G. below.)** |

(a) Creditor: __Ally__    Collateral: **2012 Cadillac SRX 79000 miles w/lien**
Amount of secured claim: $ __24,017.40__ APR __6__ %   Fixed monthly payment: $ __464.32__ ;
Total estimated payments, including interest, on the claim: $**27,859.20**. ☐ Check if non-PMSI

(b) Creditor: __Citizens Bank__    Collateral: **2009 Cadillac STS 89,000 miles w/lien**
Amount of secured claim: $ __14,998.00__ APR __4.25__ %   Fixed monthly payment: $ __277.91__ ;
Total estimated payments, including interest, on the claim: $**16,674.38**. ☐ Check if non-PMSI

[All claims in the debtor's Schedule D, other than mortgages treated above and claims for which the collateral has no value, must be listed in this paragraph.]

The total of all payments on these secured claims, including interest, is estimated to be $ __44,533.58__ . [Enter this amount on Line 2c of Section H.]

3.2 *Other secured claims treated as unsecured.* The following claims are secured by collateral that either has no value or that is fully encumbered by liens with higher priority. No payment will be made on these claims on account of their secured status, but to the extent that the claims are allowed, they will be paid as unsecured claims, pursuant to Paragraphs 6 and 8 of this section.
**-NONE-**

4. *Priority claims of debtor's attorney.* Payable in amounts allowed by court order. The total claim of debtor's attorney is estimated to be $ __3,700.00__ . [Enter this amount on Line 2d of Section H.]

5. *Mortgage arrears.* Payable as set forth below, regardless of contrary proofs of claim, except that the arrears payable may be reduced either with the consent of the mortgagee or by court order, entered on motion of the debtor with notice to the trustee and the mortgagee. Any such reduction shall be effective 14 days after either the trustee's receipt of a notice of reduction consented to by the mortgagee or the entry of a court order reducing the arrearage.

(a) To creditor __DLJ Mortgage Capital__ , arrears of $ __6,400.00__ , payable monthly from available funds, pro rata with other mortgage arrears,
■ without interest /or/ ☐ with interest at an annual percentage rate of _____ %.
These arrearage payments, over the term of the plan, are estimated to total $ __6,400.00__ .

6. *Allowed priority claims other than those of the debtor's attorney.* Payable in full, without interest, on a pro rata basis. The total of all payments on non-attorney priority claims to be made by the trustee under the plan is estimated to be $ __0.00__ . [Enter this amount on Line 2f of Section H.] Any claim for which the proof of claim asserts both secured and priority status, but which is not identified as secured in Paragraphs 2, 3.1, or 3.2 of this section, will be treated under this paragraph to the extent that the claim is allowed as priority claim.

7. *Specially classified unsecured claim.* A special class consisting of the following non-priority unsecured claim: __-NONE-__ shall be paid at __N/A__ % of the allowed amount. The total of all payments to this special class is estimated to be $ __N/A__ . [Enter this amount on Line 2g of Section H.]

Reason for the special class: __N/A__ .

8. *General unsecured claims (GUCs).* All allowed nonpriority unsecured claims, not specially classified, including unsecured deficiency claims under 11 U.S.C. § 506(a), shall be paid, pro

**3**

rata, ☐ in full, /or/ ■ to the extent possible from the payments set out in Section D, but not less than  1 % of their allowed amount. [Enter minimum payment percentage on Line 4b of Section H.] Any claim for which the proof of claim asserts secured status, but which is not identified as secured in section C, or Paragraphs 2, 3.1, 3.2 or 5 of this section, will be treated under this paragraph to the extent that the claim is allowed without priority.

9. *Interest*.  ■ Interest shall not be paid on unsecured claims /or/ ☐ interest shall be paid on unsecured claims, including priority and specially classified claims, at an annual percentage rate of ___N/A___ % [Complete Line 4d of Section H to reflect interest payable.]

**Section F.**
*Priority*

The trustee shall pay the amounts specified in Section E of this Plan in the following order of priority, with claims in a given level of priority reduced proportionately in the event of insufficient plan payments: (1) trustee's fee; (2) current mortgage payments; (3) secured claims listed in Section E, Paragraph 3.1; (4) priority claims of the debtor's attorney; (5) mortgage arrears; (6) priority claims other than those of the debtor's attorney; (7) specially classified non-priority unsecured claims; and (8) general unsecured claims.

**Section G.**
*Special terms*

Notwithstanding anything to the contrary set forth above, this Plan shall include the provisions set forth in the box following the signatures. The provisions will not be effective unless there is a check in the notice box preceding Section A.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                                                                         Best Case Bankruptcy

| | | | |
|---|---|---|---|
| **Section H.** *Summary of pay- ments to and from the trustee* | (1) Total payments from the debtor to the Chapter 13 trustee (subject to Paragraph 2 of Section D) | | $ 57,900.00 |
| | (2) Estimated disbursements by the trustee for non-GUCs (general unsecured claims): | | |
| | (a) Trustee's fees | $ 2,663.40 | |
| | (b) Current mortgage payments | $ 0.00 | |
| | (c) Payments of other allowed secured claims | $ 44,533.58 | |
| | (d) Priority payments to debtor's attorney | $ 3,700.00 | |
| | (e) Payments of mortgage arrears | $ 6,400.00 | |
| | (f) Payments of non-attorney priority claims | $ 0.00 | |
| | (g) Payments of specially classified unsecured claims | $ 0.00 | |
| | (h) Total *[add Lines 2a through 2g]* | | $ 57,296.98 |
| | (3) Estimated payments available for GUCs and interest during initial plan term *[subtract Line 2h from Line 1]* | | $ 603.02 |
| | (4) Estimated payments required after initial plan term: | | |
| | (a) Estimated total GUCs, including unsecured deficiency claims under § 506(a) | $ 43,308.00 | |
| | (b) Minimum GUC payment percentage | 1 % | |
| | (c) Estimated minimum GUC payment *[multiply line 4a by line 4b]* | $ 433.08 | |
| | (d) Estimated interest payments on unsecured claims | $ 0.00 | |
| | (e) Total of GUC and interest payments *[add Lines 4c and 4d]* | $ 433.08 | |
| | (f) Payments available during initial term *[enter Line 3]* | $ 603.02 | |
| | (g) Additional payments required *[subtract Line 4f from Line 4e]* | | $ -169.94 |
| | (5) Additional payments available: | | |
| | (a) Debtor's monthly payment less trustee's fees and current mortgage payments made by the trustee | $ N/A | |
| | (b) Months in maximum plan term after initial term | N/A | |
| | (c) Payments available *[multiply line 5a by line 5b]* | | $ N/A |
| **Section I.** *Payroll Control* | ☐ A check in this box indicates that the debtor consents to immediate entry of an order directing the debtor's employer to deduct from the debtor's wages the amount specified in Paragraph 1 of Section D and to pay that amount to the trustee on the debtor's behalf. If this is a joint case, details of the deductions from each spouse's wages are set out in Section G. | | |
| **Signatures** | **Debtor(s) [Sign only if not represented by an attorney]** | | |
| | _____  _____ | | **Date** _____ |
| | **Debtor's Attorney**    /s/ Edwin L Feld | | **Date** June 12, 2017 |

| *Attorney Information (name, address, telephone, etc.)* | Edwin L Feld 6188070<br>Edwin L Feld & Associates, LLC<br>1 N LaSalle Street<br>Suite 1225<br>Chicago, IL 60602<br>312-263-2100<br>Fax: 312-263-9838 |
|---|---|

**Special Terms** *[as provided in Paragraph G]*

Special Intentions:
Gregory Funding: Debtor is surrendering the Property to Creditor in full satisfaction of the secured claim.  Creditor shall be allowed an unsecured claim for the deficiency balance owed.
1) Ally to receive adequate protection payments in the amount of $230.00 per month.

2) Citizens Bank to receive adequate protection payments in the amount of $150.00 per month.

3) Unsecured claims not filed timely shall not be paid by the Trustee.

4) DEBTOR(S) SHALL BE REQUIRED TO PROVIDE THE CHAPTER 13 TRUSTEE A COPY OF THE CURRENT YEAR'S AND EACH SUBSEQUENT YEAR'S TAX RETURN ON OR BEFORE APRIL 20TH OF THE CALENDAR YEAR.

5) ALL TAX REFUNDS IN EXCESS OF $1200.00 MUST BE PAID TO THE CHAPTER 13 TRUSTEE BY JUNE 30TH OF THAT YEAR.

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                                Best Case Bankruptcy

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 17-11970-DRC
Andre B Green                                                             Chapter 13
Felicia Green
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: bchavez              Page 1 of 2          Date Rcvd: Jun 13, 2017
                              Form ID: pdf003            Total Noticed: 56

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 15, 2017.
```
db/jdb         +Andre B Green,    Felicia Green,    22057 Spring Lane,    Richton Park, IL 60471-3106
25552951       +Advanced Heart Group,    71 W 156th St, Suite 305,    Harvey, IL 60426-4264
25552953       +Banfield Pet Hospital,    9277 W 159th St,    Tinley Park, IL 60487-5977
25552954       +Cap One,   PO Box 30281,    Salt Lake City, UT 84130-0281
25552955       +Chgo Dept of Finance,    PO Box 88292,    Chicago, IL 60680-1292
25552956       +Citizens Bank,    PO Box 42113,    Providence, RI 02940-2113
25564335       +Citizens Bank N.A.,    1 Citizens Drive Mailstop ROP15B,    Riverside, RI 02915-3019
25601567       +City of Chicago Department of Finance,     c/o Arnold Scott Harris P.C.,
                 111 W. Jackson Blvd Ste.600,    Chicago, IL 60604-3517
25552958       +Comenity Carsons,    PO Box 659813,    San Antonio, TX 78265-9113
25552960      ++DIRECTV LLC,    ATTN BANKRUPTCIES,    PO BOX 6550,    GREENWOOD VILLAGE CO 80155-6550
                (address filed with court:  Directv,     PO Box 9001069,    Louisville, KY 40290)
25570324        DLJ Mortgage Capital, Inc.,    c/o Manley, Deas & Kochalski, LLC,    P.O. Box 165028,
                 Columbus, Ohio 43216-5028
25552961       +Exeter,   PO Box 166008,    Irving, TX 75016-6008
25567521       +Exeter Finance Corp.,    P.O. Box 165028,    Irving, TX 75016-5028
25552963       +First Loans Financial,    4714 Lincoln Highway,    Matteson, IL 60443-2316
25552966       +Gleneagle Trail HOA,    c/o Lawrence Serlin,    3218 Skokie Valley Rd,
                 Highland Park, IL 60035-1078
25552967        Gregory Funding,    9400 SW Beaverton Hillsdale,    Bluewater, NM 87005
25552968       +Harvey Anesthesiologists,    PO Box 1184,    Lake Forest, IL 60045-0631
25552969       +IC Systems Inc,    PO Box 64378,    St Paul, MN 55164-0378
25552970       +Ingalls Memorial Hospital,    One Ingalls Dr,    Harvey, IL 60426-3591
25552971       +Johnson, Blumberg & Assoc,    230 W Monroe St, Suite 1125,    Chicago, IL 60606-4723
25552973       +MBB,   1460 Renaisssancce Dr, Suite 400,    Park Ridge, IL 60068-1349
25552972       +Mauer Law,    123 W Madison St #1500,    Chicago, IL 60602-4612
25552974       +National Credit Adjusters,    327 W 4th Ave,    Hutchinson, KS 67501-4842
25552976        North Star Capital Acquisitions,     c/o Northland Group,    Minneapolis, MN 55439
25552977        One Main Financial of Illinois Inc.,     PO Box 3251,    Evansville, IN 47731-3251
25552983       +RJM Acquisitions, LLC,    P.O. Box 18006,    Hauppauge, NY 11788-8806
25552984       +RSS Inc,   PO Box 663,    Hammond, IN 46325-0663
25552981       +Regional Recovery Services,    PO Box 3333,    Munster, IN 46321-0333
25552985       +Sadino Funding,    PO Box 788,    Kirkland, WA 98083-0788
25552987       +Select Portfolio Servicing,    P.O. Box 65250,    Salt Lake City, UT 84165-0250
25552988       +Sullivan Urgent Aid,    PO Box 740023,    Cincinnati, OH 45274-0023
25552991      ++T MOBILE,    C O AMERICAN INFOSOURCE LP,    4515 N SANTA FE AVE,    OKLAHOMA CITY OK 73118-7901
                (address filed with court:  T Mobile,     PO Box 742596,    Cincinnati, OH 45274)
25552993       +VIllage of Matteson,    4900 Village Commons,    Matteson, IL 60443-2666
25552992       +Village of Matteson,    PO Box 6279,    Carol Stream, IL 60197-6279
25552995       +WFFNB,   PO Box 14517,    Des Moines, IA 50306-3517
25552994       +Wells Fargo,    1350 Montego,    Walnut Creek, CA 94598-2874
25577298       +Wells Fargo Financial Illinois, Inc.,    435 Ford Road, Suite 300,
                 St. Louis Park, MN 55426-4938

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
25552952       +E-mail/Text: ally@ebn.phinsolutions.com Jun 14 2017 00:57:15     Ally,    PO Box 9001951,
                 Louisville, KY 40290-1951
25592419        E-mail/Text: ally@ebn.phinsolutions.com Jun 14 2017 00:57:15     Ally Bank,    PO Box 130424,
                 Roseville MN 55113-0004
25552957       +E-mail/Text: comedbankruptcygroup@exeloncorp.com Jun 14 2017 00:59:50     Comed,    PO Box 6111,
                 Carol Stream, IL 60197-6111
25681241       +E-mail/Text: comedbankruptcygroup@exeloncorp.com Jun 14 2017 00:59:50
                 Commonwealth Edison Company,    Attn: Bankruptcy Department,    1919 Swift Drive,
                 Oakbrook Terrace, IL 60523-1502
25552959        E-mail/PDF: creditonebknotifications@resurgent.com Jun 14 2017 01:00:57     Credit One Bank,
                 Bank Card Center,    P.O. Box 98872,    Las Vegas, NV 89193-8872
25552962       +E-mail/Text: bnc-bluestem@quantum3group.com Jun 14 2017 00:59:51     Fingerhut,
                 6250 Ridgewood Rd,    Saint Cloud, MN 56303-0820
25552964       +E-mail/Text: jennifer.macedo@gatewayonelending.com Jun 14 2017 00:57:29     Gateway One Lending,
                 3818 E Coronado St #100,    Anaheim, CA 92807-1620
25671597       +E-mail/Text: jennifer.macedo@gatewayonelending.com Jun 14 2017 00:57:29
                 Gateway One Lending & Finance, LLC,    160 N Riverview Drive, Ste 100,    Anaheim, CA 92808-2293
25552965       +E-mail/Text: bnc-bluestem@quantum3group.com Jun 14 2017 00:59:51     Gettington,
                 6250 Ridgewood ROA,    Saint Cloud, MN 56303-0820
25552975       +E-mail/Text: bankrup@aglresources.com Jun 14 2017 00:57:12     Nicor,    PO Box 2020,
                 Aurora, IL 60507-2020
25552978       +E-mail/Text: opportunitynotices@gmail.com Jun 14 2017 00:59:34     Opportunity Financial,
                 11 E Adams St, Suite 501,    Chicago, IL 60603-6333
25552979       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jun 14 2017 01:14:57     PRA,
                 PO Box 12914,    Norfolk, VA 23541-0914
25580372        E-mail/Text: bnc-quantum@quantum3group.com Jun 14 2017 00:58:04
                 Quantum3 Group LLC as agent for,    Sadino Funding LLC,    PO Box 788,
                 Kirkland, WA 98083-0788
```

```
District/off: 0752-1           User: bchavez              Page 2 of 2                   Date Rcvd: Jun 13, 2017
                               Form ID: pdf003            Total Noticed: 56
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)

```
25580373         E-mail/Text: bnc-quantum@quantum3group.com Jun 14 2017 00:58:04
                 Quantum3 Group LLC as agent for,    MOMA Funding LLC,    PO Box 788,    Kirkland, WA  98083-0788
25552980        +E-mail/PDF: rmscedi@recoverycorp.com Jun 14 2017 01:01:24      Recovery Mgmt Systems Corp,
                 25 SE 2nd Ave, Ste 1120,    Miami, FL 33131-1605
25552982        +E-mail/PDF: resurgentbknotifications@resurgent.com Jun 14 2017 01:01:24      Resurgent Capital,
                 P.O. Box 10587,    Greenville, SC 29603-0587
25552989        +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2017 01:00:56      SYNCB JC Penney,    PO Box 960090,
                 Orlando, FL 32896-0090
25552990        +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2017 01:01:21      SYNCB Wal Mart,    PO Box 965024,
                 Orlando, FL 32896-5024
25558747        +E-mail/PDF: gecsedi@recoverycorp.com Jun 14 2017 01:01:21      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 19

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
25552986      ##+Santander,   8585 N Stemmons Fwy, Suite 1000,    Dallas, TX 75247-3822
                                                                                              TOTALS: 0, * 0, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 15, 2017                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 12, 2017 at the address(es) listed below:
              Edwin L Feld    on behalf of Debtor 2 Felicia  Green notice@edfeldlaw.com,
               efeld@edfeldlaw.com;r44800@notify.bestcase.com
              Edwin L Feld    on behalf of Debtor 1 Andre B Green notice@edfeldlaw.com,
               efeld@edfeldlaw.com;r44800@notify.bestcase.com
              James M Philbrick    on behalf of Creditor    Ally Financial Inc. f/k/a GMAC Inc.
               jmphilbrick@att.net
              Josephine J Miceli    on behalf of Creditor    U.S. Bank National Association, as Indenture Trustee
               on behalf of and with respect to Ajax Mortgage Loan Trust 2015-A, Mortgage-Backed Notes, Series
               2015-A Jo@johnsonblumberg.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Todd J Ruchman    on behalf of Creditor    DLJ Mortgage Capital, Inc. amps@manleydeas.com
              Tom  Vaughn    ecf@tvch13.net, ecfchi@gmail.com
                                                                                              TOTAL: 7
```